■ PHILIP S. WICKS et al., Respondents, v. PAT PALLONE CO., INC., et al., Appellants.— Judgment and order unanimously reversed on the law and facts, and complaint dismissed, without costs. Memorandum: The restrictions sought to be enforced by plaintiffs against the defendants were contained in a deed to the plaintiffs Wicks from the common predecessor in title of all the parties. Subsequently by agreement between plaintiffs Wicks who were plaintiffs Shaw's grantors and the defendants' grantors it was provided that as to restrictions pertinent to this proceeding the conditions and reservations contained in the deed to Wicks "shall remain the same as contained therein". While the deed to plaintiffs Wicks dated in 1949 makes the various restrictions applicable to all lots in the "University Manor Tract according to said maps now filed and hereafter to be filed", no lots were ever conveyed out with reference to such map and in fact no such tract map was ever drafted or filed. Also while the agreement entered into in 1950 between the plaintiffs Wicks and Nicholas and Anthony Zerillo defendants' grantors described their

respective holdings by metes and bounds as constituting the University Manor Tract, no identification was made of the lot descriptions constituting such tract or any of its proposed detailed lay-out. It appears clear that none of the plans of the tract to which the restrictions relate were ever implemented in any way and that the plan conceived never went beyond the stage of conception so as to realize itself in act. The validity of the restrictions as originally set out in the deed to plaintiffs Wicks and as continued in the agreement between plaintiffs Wicks and defendants' grantors must be denied by reason of the absence of any implementation or development of the plans conceived for the University Manor Tract to which such restrictions apply. (Appeal from judgment and order of Onondaga Special Term granting money damages to plaintiffs in an action for breach of restrictive covenants. Order denied motion for a new trial.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ. [48 Misc 2d 734.]